Stephen J. SCHMITT, et
al., Respondents,

v.

Melvin ANDERSON, et al., Respondents,

and

St. Paul Fire & Marine Insurance
Company, Intervenor,
Appellant.

No. C7–90–2636.

Court of Appeals of Minnesota.

June 25, 1991.

Michael A. Zimmer, Schwebel, Goetz & Sieben, P.A., Minneapolis, for Stephen J. Schmitt, et al.

James M. Mahoney, Victor E. Lund, Mahoney, Dougherty & Mahoney, Minneapolis, for Melvin Anderson, et al.

Steven A. Muenzer, Bloomington, for St. Paul Fire & Marine Ins. Co.

Considered and decided by SHORT, P.J., and FORSBERG and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant St. Paul Fire & Marine Insurance Company (Fire & Marine) challenges the trial court's denial of its motion for JNOV or a new trial in a subrogation ac-

tion for workers' compensation benefits paid and to be paid in the future. We affirm.

## FACTS

Stephen Schmitt was injured in a motor vehicle collision while in the course of his employment. Following the accident, Schmitt and his wife initiated a personal injury action against Melvin Anderson and Miller–Esmay Motors, Inc., Anderson's employer. Fire & Marine, the workers' compensation carrier for Stephen Schmitt's employer, intervened and brought a subrogation claim.

On the first day of the trial, the Schmitts settled with Anderson and Miller–Esmay pursuant to a *Naig* agreement. Thereafter, the trial proceeded on Fire & Marine's subrogation claim against Anderson and Miller–Esmay. At the close of trial, Fire & Marine moved for a directed verdict on the issue of permanent injury. The trial court denied the motion. Pursuant to a special verdict, the jury found Anderson 85% negligent, Stephen Schmitt 15% negligent, and that Schmitt did not sustain a permanent injury. The trial court adopted the special verdict and ordered judgment for Fire & Marine in the sum of $2,024.70 for Schmitt's past medical expenses.

Fire & Marine brought a motion for JNOV or a new trial, alleging Stephen Schmitt had suffered a permanent injury as a result of the accident, the issue of permanent injury should not have gone to the jury, and the trial court erred in its evidentiary rulings excluding testimony concerning specific percentages of whole body impairment and certain workers' compensation rules and regulations. The trial court denied the motion.

## ISSUES

1. Did the trial court err in submitting the issue of permanent injury to the jury and denying Fire & Marine's motion for JNOV?

2. Did the trial court err in restricting testimony concerning workers' compensation rules and in denying Fire & Marine's motion for a new trial?

## ANALYSIS

### I.

▪ A motion for JNOV will be denied if there is any competent evidence supporting the verdict. *Blue Water Corp. v. O'Toole*, 336 N.W.2d 279, 281 (Minn.1983). "The granting of a new trial rests almost entirely in the discretion of the trial court and will be reversed only for a clear abuse of discretion." *Connolly v. Nicollet Hotel*, 258 Minn. 405, 407, 104 N.W.2d 721, 724 (1960).

▪ Fire & Marine argues that the issue of permanent injury was improperly submitted to the jury because the only two medical doctors who testified, stated that Stephen Schmitt suffered a permanent injury. Fire & Marine maintains there was no fact question to be presented to the jury.

Whether a person has sustained a permanent injury and to what degree are fact questions for the jury to decide. *See Young v. Hansen*, 296 Minn. 430, 434, 209 N.W.2d 392, 395 (1973). Medical testimony is useful but not dispositive on the issue of disability. *Hosking v. Metropolitan House Movers Corp.*, 272 Minn. 390, 398, 138 N.W.2d 404, 409 (1965). Here, the medical experts' opinions were based in part on Stephen Schmitt's medical history as provided by him. The jury was not bound to accept his complaints to the doctors as being true. Furthermore, Schmitt's own testimony indicated he still leads an active lifestyle. The trial court properly submitted the issue of Schmitt's permanent injury to the jury.

### II.

▪ Fire & Marine argues it is entitled to a new trial because in order to prove its subrogation claim, it was necessary to show what workers' compensation disability benefits would be paid to Schmitt in the future. Although we conclude the trial court was in error in not allowing evidence of specific percentages of whole body impairment and the workers' compensation rules and regulations, the jury finding of

no permanency renders this issue moot. The Workers' Compensation Act allows subrogation to the amount of benefits paid or payable. *Todalen v. United States Chem. Co.*, 424 N.W.2d 73, 81 (Minn.App. 1988), *pet. for rev. denied* (Minn. June 29, 1988); Minn.Stat. § 176.061, subd. 10 (1990). Fire & Marine should have been allowed to present all relevant evidence showing what monies it has paid to Schmitt, and what monies it will be required to pay out in the future, in order to properly present its subrogation claim. The relevant evidence, in this case, would logically include evidence of specific percentages of whole body impairment and any relevant workers' compensation rules, regulations and payment schedules.

### DECISION

The trial court did not err in submitting the issue of permanent injury to the jury. The finding by the jury of no permanent injury renders the issue of the trial court's evidentiary rulings moot. There was competent evidence supporting the verdict and the trial court correctly denied Fire & Marine's motion for JNOV.

Affirmed.